# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE BLACK** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 17-4003 |
| **v.** | : | |
| | : | |
| **FIELD ASSET SERVICES, LLC,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                OCTOBER 23, 2018

## MEMORANDUM OPINION

**INTRODUCTION**

George Black ("Plaintiff") filed a third amended complaint against Defendants Field Asset Services, LLC, a/k/a Assurant Field Asset Services ("Defendant Assurant"), Reliable Asset Management, LLC ("Defendant RAM"), Rushmore Loan Management Services, LLC ("Defendant Rushmore"), and Wilmington Savings Fund Society FSB, d/b/a Christiana Trust ("Defendant WSFS"), in which he alleges that each Defendant is liable for damages he suffered as a result of property allegedly stolen and/or destroyed by Defendant RAM. Before this Court are the two *motions to dismiss* filed by Defendants WSFS and Rushmore, and by Defendant Assurant (collectively, "Moving Defendants")[1] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). [ECF 37, 38]. Plaintiff has opposed the motions. [ECF 39, 40]. The issues presented have been fully briefed and, therefore, this matter is ripe for disposition.[2] For the reasons set forth herein, Moving Defendants' motions to dismiss are granted.

---

[1] Defendant RAM has not moved to dismiss the third amended complaint.

[2] This Court has also considered the reply brief of Defendants WSFS and Rushmore. [ECF 41].

**BACKGROUND**

When ruling on a motion to dismiss, a court must accept as true all the factual allegations in the operative complaint, and construe said complaint in the light most favorable to the non-movant. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). Here, Plaintiff's third amended complaint contains three counts wherein Plaintiff essentially avers that Moving Defendants are vicariously liable for the acts of non-moving Defendant RAM. Briefly, the relevant facts in Plaintiff's third amended complaint are as follows:

> Plaintiff was the owner of an investment property located at 3928 Haverford Avenue, Philadelphia, Pennsylvania. (Third Amend. Comp. at ¶¶3, 8). Plaintiff had a mortgage on the property with Defendant WSFS. (*Id*. at ¶4). Defendant Rushmore was hired by Defendant WSFS to be the servicer of the mortgage. (*Id*. at ¶¶5, 19). Defendant Assurant is a property preservation company hired by Defendant Rushmore to preserve Plaintiff's property. (*Id*. at ¶¶6, 20). Defendant RAM was hired by Defendant Assurant to provide preservation services. (*Id*. at ¶21).
>
> Following Plaintiff's default on the mortgage, Defendant WSFS foreclosed on the property, and a sheriff's sale of the subject property was scheduled to take place on March 7, 2017. (*Id*. at ¶9). However, on March 6, 2017, the Philadelphia County Court of Common Pleas postponed the Sheriff's sale to May 2, 2017. (*Id*. at ¶10). Plaintiff contends that on March 7, 2017, Defendant RAM, through its own employees, broke the lock on the front door of the property, entered the property and "stole" many valuable items. (*Id*. at ¶¶12-13).

On September 7, 2017, Plaintiff commenced this action by filing his original complaint. [ECF 1]. Before all of the originally-named defendants had responded, Plaintiff sought and was granted leave to file an amended complaint. [ECF 8, 9, 10]. Plaintiff then filed an amended complaint. [ECF 11]. Again, before all of the named defendants filed responses to the amended complaint, Plaintiff sought leave to file a second amended complaint; leave was granted. [ECF 14, 15]. On February 13, 2018, Plaintiff filed his second amended complaint, which named all of the current Defendants. [ECF 17].

Defendants WSFS, Rushmore and Assurant each filed a motion to dismiss the second amended complaint, arguing primarily that Plaintiff had failed to adequately plead facts to show that Moving Defendants were somehow liable for the acts of Defendant RAM. [ECF 18, 19]. By Orders dated April 16, 2018, this Court granted Moving Defendants' motions to dismiss, but allowed Plaintiff to file a third amended complaint. [ECF 25, 26]. On May 8, 2018, Plaintiff filed his third amended complaint. [ECF 35]. Moving Defendants have once again moved to dismiss the operative complaint, primarily on the basis that Plaintiff has not pled facts sufficient to hold Moving Defendants vicariously liable for the alleged acts of Defendant RAM. [ECF 37, 38].

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id*. (citation and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts sufficient to "'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As noted above, all of Plaintiff's claims against Moving Defendants are premised upon Plaintiff's contention that Moving Defendants are vicariously liable for the alleged conduct and resultant harm of Defendant RAM. Moving Defendants move to dismiss Plaintiff's claims primarily on the ground that Plaintiff has failed to allege sufficient facts to support the existence of a master-servant relationship between any of the Moving Defendants and non-moving Defendant RAM. Because this Court finds that Plaintiff has failed to allege sufficient facts from which one could plausibly infer that Moving Defendants and Defendant RAM were engaged in a master-servant relationship, Moving Defendants' motions to dismiss are granted.

Under Pennsylvania law, a prerequisite to the imposition of vicarious liability is the establishment of a master-servant relationship. *Dickerson v. American Sugar Ref. Co., Inc.*, 211 F.2d 200, 202 (3d Cir. 1954); *Judge v. Philadelphia Premium Outlets*, 2012 WL 876755, at *8 (E.D. Pa. Mar. 15, 2012) (citing *Dickerson*); *Mettee v. Tyson*, 1990 WL 182149, at *2 (E.D. Pa. Nov. 26, 1990) (same); *see also Myszkowski v. Penn Stroud Hotel, Inc.*, 634 A.2d 622, 625 (Pa. Super. Ct. 1993). A "master" is a "principal who employs an agent to perform service in his affairs and who controls or has the right to control the physical conduct of the other in the performance of the service." Restatement (Second) of Agency §2; *see also Smalich v. Westfall*, 269 A.2d 476, 481 (Pa. 1970) (citing Restatement (Second) of Agency §2). By contrast, an "independent contractor" is a "person who contracts with another to do something for him but

4

who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking." *Id.* A principal is not ordinarily liable for an independent contractor's conduct. *Myszkowski*, 634 A.2d at 320-21.

In determining whether a relationship is one of master and servant rather than that of two independent contractors, the Pennsylvania Supreme Court has provided the following guidance:

> the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged . . . . The hallmark of an employee-employer relationship is that the employer not only controls the result of the work but has the right to direct the manner in which the work shall be accomplished; the hallmark of an independent contractee-contractor relationship is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible only for the result.

*Green v. Independent Oil Co.,* 201 A.2d 207, 210 (Pa. 1964) (citations omitted).

Applying this guidance, the Pennsylvania Superior Court has opined that the focus of this inquiry "should be whether the alleged master has day-to-day control over the manner of the alleged servant's performance." *Myszkowski*, 634 A.2d at 626. In a master-servant relationship, "a master not only controls the results of the work but also may direct the manner in which such work shall be done." *I.H., ex rel. Litz, v. Cty. of Lehigh*, 610 F.3d 797, 802 (3d Cir. 2010) (quoting *Smalich v. Westfall*, 269 A.2d 476, 481 (Pa. 1970)). The Pennsylvania Supreme Court has identified "control over the work to be completed and the manner in which it is to be performed" as the "primary factors" in determining the existence of a master-servant relationship. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd.*, 762 A.2d 328, 333 (Pa. 2000). As such, a master can be held "vicariously liable for the tortious conduct of his servant only where the servant acts within the scope of his employment and where the master has control over the servant's physical conduct in the performance of the services." *Judge*, 2012 WL

876755, at *8 (citing *Waggaman v. Gen. Fin. Co. of Phila.*, 116 F.2d 254, 257-58 (3d Cir. 1941); *Chuy v. Phila. Eagles Football Club*, 595 F.2d 1265, 1276 (3d Cir. 1979)); *see also Mettee v. Tyson*, 1990 WL 182149, at *2 (E.D. Pa. Nov. 26, 1990) (holding that the "master-servant relation exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done, and the way and manner in which it shall be done.") (citing *Kadlecik v. Renault & Sons, Inc.*, 40 A.2d 866 (Pa. Super. Ct. 1944)).

"The party seeking vicarious liability bears the burden of proving a master-servant relationship." *I.H.*, 610 F.3d at 802 (citing *Basile v. H&R Block, Inc.*, 761 A.2d 1115, 1120 (Pa. 2000)). Thus, under this governing law, Moving Defendants can be held vicariously liable for the conduct of Defendant RAM only if they could be found to have had the "right to control the manner and means" by which Defendant RAM's work was accomplished. *Cmty. For Creative Non-Violence v. Reid*, 490 U.S. 730, 751 (1989).

Here, though Plaintiff's third amended complaint alleges the existence of a master-servant relationship between each of the Moving Defendants and Defendant RAM, it does so only in a conclusory fashion. (*See* Third Amend. Comp. at ¶¶23-27). Plaintiff's third amended complaint fails, however, to allege *facts* requisite to the existence of a master-servant relationship. Indeed, despite having amended his complaint three times, Plaintiff has failed to allege the requisite *facts* to establish a master-servant relationship between Moving Defendants and Defendant RAM, which is necessary to impose vicarious liability on Moving Defendants for the actions of Defendant RAM. Instead, in the third amended complaint, Plaintiff alleges only that: Defendant WSFS hired Defendant Rushmore to act as servicer; Defendant Rushmore hired Defendant Assurant to preserve the property; and Defendant Assurant hired Defendant RAM to

perform property preservation services. Notably, Plaintiff does not allege that either Defendant WSFS or Defendant Rushmore had any contractual relationship with Defendant RAM. More importantly, Plaintiff does not allege any facts directed to the degree of control, if any, exerted by any of the Moving Defendants over Defendant RAM. In particular, Plaintiff does not allege facts to show that any of the Moving Defendants had the right to control the physical conduct of Defendant RAM and/or its day-to-day operations. Nor has Plaintiff alleged any facts with respect to the manner in which Defendant RAM was to perform its services. In the absence of any such facts that could be plausibly construed as showing a master-servant relationship between any of the Moving Defendants and Defendant RAM, Plaintiff has failed to plead any basis for liability against Moving Defendants. As such, Moving Defendants' motions to dismiss are granted.

**CONCLUSION**

For the foregoing reasons, Moving Defendants' motions to dismiss are granted. Two Orders consistent with this Memorandum Opinion follow.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.